

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| THOMAS JENSEN,<br><br>             Plaintiff,<br><br>vs.<br><br>WARDEN E.K. McDANIEL, *et al.*,<br><br>             Defendants. | 3:09-cv-0368-LRH-VPC<br><br>**ORDER** |

Plaintiff Thomas Jensen, has been granted leave to proceed in *forma pauperis* without an initial payment. The complaint alleging violations of his constitutional rights under 42 U.S.C. § 1983 shall be filed. The complaint is subject to the provisions of 28 U.S.C. § 1915 and the court's review under that statute is discussed below.

**I.      Screening Pursuant to 28 U.S.C. § 1915A**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Dismissal of a complaint or part thereof for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12 (b)(6), and the court will apply the same standard under §1915 when reviewing a complaint or an amended complaint. Review under Fed. R. Civ. P. 12(b)(6) is essentially a ruling on a question of law. *North Star Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983). In considering whether plaintiff has stated a claim upon which relief can

be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). However, if it appears to a certainty that a plaintiff will not be entitled to relief under any set of facts that could be proven under the allegations of the complaint, the court may *sua sponte* dismiss the cause of action or portions thereof. *Halet v. Wend Inv. Co.*, 672 F.2d 1305, 1309 (9th Cir. 1982).

An entire complaint or portions thereof filed by a prisoner shall be dismissed *sua sponte* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b). This includes those that possess legal conclusions that are untenable (e.g., wherein the defendants are immune from suit or claims of infringement of a legal interest which clearly does not exist) as well as those that only contain fanciful factual allegations, (e.g., claims describing fantastic or delusional scenarios). The complaint filed herein is subject to *sua sponte* dismissal prior to service on the named defendants.

## II. Discussion

Plaintiff brings five claims for relief, four of which are based the same basic facts. In count one, plaintiff contends his rights under the Eighth Amendment were violated when a correctional officer, John Doe #1 assaulted him in retaliation for a complaint made to the Federal Bureau of Investigation against a fellow correctional officer. In counts two through five, plaintiff contends that his First Amendment and Fourteenth Amendment rights were violated when prison staff and management refused to mail his state and federal petitions for writ of habeas corpus by certified mail. He seeks injunctive relief and monetary damages.

Plaintiff identifies four defendants, naming them in his or her personal and official capacities. A person cannot be sued in their official capacity for money damages. Only injunctive relief is available for defendants said to be acting in their official capacities. On the other hand,

personal capacity suits seek to impose personal liability upon a governmental official for actions taken under the color of state law. *Kentucy v. Graham,* 473 U.S. 159, 165 (1985).

To prevail under section 1983, a plaintiff must demonstrate that he has suffered a violation of rights protected by the constitution or federal statute, caused by the conduct of a person acting under color of state law. *Crumpton v. Gates,* 947 F.2d 1418, 1420 (9th Cir. 1991).

### Count One

In count one, plaintiff claims a violation of the Eighth and Fourteenth Amendments when defendant Correctional Officer (C/O) John Doe #1 physically attacked him while he was kneeling with his hands cuffed behind his back, striking plaintiff in the back of the head with his fist. The assault was in retaliation for plaintiff's attempt to file a complaint with the FBI against C/O Doe's coworker. Thereafter, C/O Doe and defendants McDaniel, and Endel refused plaintiff medical attention required because of the assault, even though plaintiff requested the same in writing via an institutional grievance.

At the outset, the Court notes that, "Where a particular amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing [a plaintiff's] claims'." *Albright v. Oliver,* 510 U.S. 266, 273-74 (1994) (Rehnquist, C.J., for plurality) (quoting *Graham v. Connor,* 490 U.S. 386, 395 (1989)). Therefore, plaintiff's claims will be analyzed under the Eighth Amendment right to be free from cruel and unusual punishment rather any generalized notions of substantive due process under the Fourteenth Amendment, and his Fourteenth Amendment due process claim must be dismissed.

### Eighth Amendment

When a prison official stands accused of using excessive physical force in violation of the cruel and unusual punishment clause of the Eighth Amendment, the question turns on whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and

3

sadistically for the purpose of causing harm. *Hudson v. McMillian*, 503 U.S. 1, 7 (1992) (citing *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)). In determining whether the use of force was wanton and unnecessary, it is proper to consider factors such as the need for application of force, the relationship between the need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of the forceful response. *Hudson*, 503 U.S. at 7. The extent of a prisoner's injury is also a factor that may suggest whether the use of force could plausibly have been thought necessary in a particular situation. *Id.* Although the absence of serious injury is relevant to the Eighth Amendment inquiry, it is not determinative. *Id.* That is, use of excessive physical force against a prisoner may constitute cruel and unusual punishment even though the prisoner does not suffer serious injury. *Id.* at 9. The Eighth Amendment's prohibition on cruel and unusual punishments necessarily excludes from constitutional recognition *de minimus* uses of physical force. *Id.* at 9-10.

Here, plaintiff relates that he was gratuitously struck by the defendant while he was restrained and that the defendant directly indicated the attack was because of plaintiff's efforts to report something to the FBI. These facts state a claim under the Eighth Amendment for the use of excess force.

### Denied Medical Care

The government has an obligation under the Eighth Amendment to provide medical care for those whom it punishes by incarceration. *See Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir.1988) (citing *Estelle v. Gamble*, 429 U.S. 97 (1976)). "But not every breach of that duty is of constitutional proportions. In order to violate the Eighth Amendment proscription against cruel and unusual punishment, there must be a 'deliberate indifference to serious medical needs of prisoners.' " *Id.* (quoting *Estelle*, 429 U.S. at 104). Prison officials are deliberately indifferent to a prisoner's serious medical needs when they "deny, delay, or intentionally interfere with medical treatment.... Mere negligence in diagnosing or treating a medical condition, without more, does not violate a

1  prisoner's Eighth Amendment rights." *Id.* Examples of serious medical needs include "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir.1992).

Here, plaintiff contends he was denied medical care for his injuries sustained when defendant C/O Doe struck him and he feel forward. He does not, however, identify what injuries he suffered. In order to proceed on a claim of denied medical care, the complaint must be amended to identify a serious medical need or injury.

First Amendment - Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989). To establish a prima facie case, plaintiff must allege and show that defendants acted to retaliate for his exercise of a protected activity, and defendants' actions did not serve a legitimate penological purpose. *See Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). A plaintiff asserting a retaliation claim must demonstrate a 'but-for' causal nexus between the alleged retaliation and plaintiff's protected activity (i.e., filing a legal action). *McDonald v. Hall*, 610 F.2d 16, 18 (1st Cir. 1979); *see Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977). The prisoner must submit evidence, either direct or circumstantial, to establish a link between the exercise of constitutional rights and the allegedly retaliatory action. *Pratt*, 65 F.3d at 806. Timing of the events surrounding the alleged retaliation may constitute circumstantial evidence of retaliatory intent. *See Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1316 (9th Cir. 1989).

Plaintiff's claim that the officer assaulted him and he was denied medical attention because of his attempts to complaint about staff activities states a claim for retaliation against the defendants named in count one.

Counts Two through Five

In these counts, plaintiff relies on the same basic facts to assert claims for denied due process and his right to access the court and to petition the government for redress. Specifically, plaintiff contends that he attempted on numerous occasions between July 18, 2007 and March 15, 2008, to have state and federal petitions for writ of habeas corpus delivered by regular and certified mail to the appropriate state and federal courts. He contends that a petition handed to prison officials for certified mailing on July 18, 2007 was returned to him on August 10, 2007. When it was confirmed that the postage was correct, he resubmitted the petition for mailing on August 14, 2007. The petition was again resubmitted on or about August 17, 2007. Petitioner contends that at this point he filed a grievance to obtain proper posting of his certified mail, but no relief was offered and the mail was not posted by defendants Case Worker Robert Chambliss, Assistant Warden of Programs Adam Endel and Warden E.K. McDaniels. Plaintiff complains that the defendants "refused to assist [him] in the filing of meaningful petition by refusing to assist [him] in mailing certified envelope to Second Judicial District Court" (count three) and that defendants Chambliss, Endel, and McDaniels hindered and interfered with delivery of his habeas petition to the United States District Court and then lied in response to his grievances.

To state a claim of denied access to the court, the plaintiff must show that there was an inadequacy in the prison's legal access program that caused him an actual injury. *Lewis v. Casey*, 518 U.S. 343 (1996). To prove an actual injury, the prisoner must show that the inadequacy in the prison's program hindered his efforts to pursue a nonfrivolous claim concerning his conviction or conditions of confinement. *Id.* at 348. Failure to make this showing is fatal to the claim. *Matrid v. Gomez*, 190 F.3d 990, 996 (9th Cir. 1999).

Plaintiff has failed to state a claim under the First or Fourteenth Amendment's guarantee to court access. He has not stated that he missed a filing deadline or was unable to present a nonfrivolous claim in a court of law. Plaintiff will be given an opportunity to amend his complaint to establish that he did, in fact, miss a filing deadline or suffer some other detriment to pursuit of his habeas actions. If plaintiff can demonstrate such injury, these claims will be permitted to proceed.

### III. Conclusion

The complaint state claims under the Eighth Amendment for excessive force and for retaliation under the First Amendment. Plaintiff will be required to amend counts two, three, four, and five to demonstrate that the defendants' actions in refusing to mail his documents to the court cause him an actual injury to his litigation. If he can provide such facts, these claims shall also proceed under the Fourteenth Amendment's guarantee of due process and access to courts.

**IT IS THEREFORE ORDERED** that the Clerk shall **file** the Complaint.

**IT IS FURTHER ORDERED** that Count One of the complaint shall proceed against defendants C/O John Doe #1 on a claim of excessive force and again defendants Doe, AWP Endel, and Warden McDaniel on a claim of retaliation.

**IT IS FURTHER ORDERED** that Counts One's claim of denied medical care shall be dismissed with leave to amend in conformance with the instructions provided in this order.

**IT IS FURTHER ORDERED** Counts Two, Three, Four, and Five are dismissed with leave to amend in conformance with the instructions provided in this order.

**IT IS FURTHER ORDERED** that plaintiff shall file his "First Amended Complaint within thirty days of the date of this order. Failure to amend will result in the matter proceeding as to Count One on excessive force and retaliation only.

DATED this 13th day of July, 2010.

UNITED STATES MAGISTRATE JUDGE

7